ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 RAMIREZ, C.J.
 

 We reconsider on remand our opinion in
 
 Ventura v. State,
 
 973 So.2d 684 (Fla. 3d DCA 2008), which the Florida Supreme Court quashed in part and affirmed in part following its decision in
 
 Ventura v. State,
 
 29 So.3d 1086 (Fla.2010). As the Florida Supreme Court ordered, we reconsider our earlier decision in light of
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). We determined in our prior opinion that Detective Teppenberg had improperly commented on defendant’s right to silence, but held that the error was harmless under
 
 DiGui-lio.
 
 We concluded that it was harmless because of the overwhelming evidence of Ventura’s guilt. The Florida Supreme Court quashed the decision, in part, stating that the proper test is whether there is any reasonable possibility that the error contributed to the conviction. The Court quoted the following
 
 DiGuilio
 
 language:
 

 The test is not ... an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state.
 

 Id.
 
 at 1139.
 

 Applying this standard, we cannot confirm that the detective’s comments, twice repeated, did not affect the verdict. Accordingly, we reverse Ventura’s convictions.
 

 Reversed and remanded for a new trial.